BLUE, Judge.
Palm City Rehabilitation and Care Center (Palm City) appeals from an administrative order that found it to be in violation of regulations governing “nursing facilities.” Because we conclude it was error to *712 make such a finding without a hearing, we remand for further proceedings.
The record before this court consists of two letters and two orders. The first letter alleges the involuntary discharge of Mary Broadus, now deceased, from Palm City. The first order is an “ORDER TO PRODUCE NOTICE AND BEGIN THE HEARING PROCESS,” directed to Palm City, which orders Palm City to forward the “notice of discharge” to the hearing officer. The second letter is from Palm City to the hearing officer stating there is no notice of discharge because the family of Ms. Broadus voluntarily removed her from the facility. The second order and the final document in this record is entitled “ORDER TO DISMISS.” In this document the hearing officer finds that Palm City is in violation of federal regulations for the failure to produce a notice of discharge, rules in favor of the Ms. Broadus, and declares, “this appeal is dismissed.”
It is from this record that the parties seek to have this court determine as a matter of law whether a “notice of discharge” is required when a nursing facility patient voluntarily leaves. The regulation relied on by both parties does not definitively resolve the issue. It appears to concern itself with involuntary discharges, but does not specifically eliminate the need for notice if the discharge is voluntary, although it contains other specific exemptions from the notice requirement. We know there is at least one hearing officer who has concluded that voluntary discharges are included in the notice requirement.
Palm City argues that requiring notice for a voluntary discharge is both unnecessary and impractical. Ms. Broadus’ family contends that notice for both voluntary and involuntary discharges fulfills the intent of the regulations in that it provides for scrutiny of all patient discharges from nursing facilities and protects against patient “dumping.” Perhaps there exists firmly established precedent resolving this issue. If so, we are unable to find it, and the parties have failed to cite it. Without precedent, we conclude the parties are entitled to a hearing, with the recommendation that the agency overseeing these regulations be made a participant to provide expertise on the issue.
We also conclude that the regulations require a hearing. See 42 C.F.R. §§ 431.200; 431.220; 431.241. See also Fla. Admin. Code 65-2.057, -2.047. The order which began the hearing process contained no warning that failure to produce a notice of discharge would constitute a waiver of defenses and result in a summary adverse ruling. Although not raised as an issue, we are concerned with the due process implications of denying the facility an opportunity to be heard.
Accordingly, we reverse the order denying a hearing and remand for further proceedings.
ALTENBERND, A.C.J., and DAVIS, J., Concur.